IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TARA EVANS, individually, and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 21-cv-1263-DWD |
| PFIZER, INC, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is Defendant Pfizer, Inc.'s Combined Motion to Lift Stay and Transfer (Doc. 27). Plaintiff Tara Evans opposes the Motion (Doc. 32). On November 21, 2022, Defendant filed a Reply (Doc. 33) and Affidavit (Doc. 34). For the reasons detailed below, the Motion will be denied, without prejudice.

## Discussion

This matter is one of at least twelve analogous class actions filed against Defendant related to its Chantix (varenicline) product. The present action was filed on October 15, 2021 (Doc. 1). On November 23, 2021, the Court granted the parties' joint request for a stay so the parties could negotiate an appropriate forum for this case (Doc. 9).

The parties' negotiations were delayed while they awaited decisions on pending transfer and consolidation motions pending in the Southern District of Florida. *See Abreu v. Pfizer Inc.*, No. 21-CV-62122 (S.D. Fla.). On August 16, 2022, Defendant's motion to transfer *Abreu* to the Southern District of New York was granted. *See Abreu v. Pfizer, Inc.*,

1

No. 21-62122-CIV, 2022 WL 2355541 (S.D. Fla. June 22, 2022), *report and recommendation adopted,* No. 21-62122-CIV, 2022 WL 3370932 (S.D. Fla. Aug. 16, 2022), reconsideration denied, ECF. No. 84 (S.D. Fla. August 29, 2022).

On August 31, 2022, a plaintiff in another of the related cases filed an MDL Petition with the Judicial Panel on Multidistrict Litigation ("JPML") (*See In re: Chantix (Varenicline) Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 3050). According to the parties, a hearing on the MDL Petition is scheduled for December 1, 2022 (Doc. 23).

Defendant now asks the Court to lift the stay of these proceedings and transfer this action to the Southern District of New York for the same reasons the *Abreu* case was transferred to that forum (Doc. 27).  Pfizer claims the Southern District of New York is the situs of material events, is more convenient for the parties and witnesses, and will serve the interests of justice.  Plaintiff opposes the Motion (Doc. 32) and asks the Court to continue the current stay of proceedings until the JPML issues a decision on the pending MDL Motion, and likewise to wait to consider the merits of Defendant's Motion to Transfer until after the JPML decision.  Alternatively, Plaintiff argues that the Motion to Transfer should be denied because the first-to-file rule does not apply here and the 1404(a) factors weigh against transfer.

At least two other district courts overseeing related Chantix cases have denied similar requests to alter the stay of proceedings pending the JPML's decision. *See, e.g., Seeley v. Pfizer, Inc.*, 21-cv-07892-TLT (N.D. Cal. Nov. 4, 2022) (Doc. 32-2); *Edwards v. Pfizer, Inc.*, No. 21-cv-04275-GEKP (E.D. Pa. Nov. 8, 2022) (Doc. 32-3).  As those courts aptly reasoned, the impending JPML hearing, scheduled for December 1, 2022, makes it both

inefficient and prejudicial to consider Defendant's request to transfer (Doc. 32-2; Doc. 32-3). The same is true here. This case has been stayed since November 2021 and continuing the stay until the JPML reaches a decision will not result in undue prejudice to either party. Whereas, if the Court were to grant the motion, the Court will be required to expend potentially unnecessary time and resources issuing a decision on the motion to transfer venue. Those resources may be rendered unnecessary by a forthcoming JPML decision which could remove the Court's pretrial jurisdiction over the instant action if it is transferred. *See, e.g.*, 28 U.S.C. § 1407; *In re IKO Roofing Shingle Prod. Liab. Litig.*, 757 F.3d 599, 600–01 (7th Cir. 2014).

While Defendant submits that the Southern District of Florida ("SDFL") recently transferred another related case (Doc. 34-1) and lifted the stay in another for the purposes of briefing the transfer issue (Doc. 34-2), the Court is not persuaded to do the same here. As both parties recognize, prior to the filing of the MDL Petition, the parties had sought to use the *Abreu* case, and the SDFL's rulings on the transfer issues, as a "test case" to assist in negotiating the proper forum for this matter (*See* Doc. 10; Doc. 33, p. 2). Thus, the cases pending in the SDFL have involved substantially more briefing and permitted the SDFL Court to become more closely involved in the facts of those cases without expending unnecessary judicial resources or compromising efficiency. Whereas here, this case was stayed almost immediately after Plaintiff served Defendant in November 2021 (Doc. 9). Thus, the parties have filed no substantive motions until now, and the Court has had no prior opportunity to become familiar with the factual evidence underlying the transfer issues. While the evidence submitted is not overly complex (Doc.

3

28; Doc. 32), the parties' briefing exceeds 800 pages. Thus, should the Court continue to spend judicial resources reviewing the documents now, those efforts may become wasted following the JPML's hearing, which is currently scheduled for next week.

Accordingly, after considering the circumstances of this case, *see Nken v. Holder*, 556 U.S. 418, 433 (2009), and in exercising its inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (district courts have inherent power to stay proceedings pending resolution of parallel actions in other courts), the Court **FINDS** that the current stay of proceedings continues to be appropriate. Defendant's Combined Motion to Lift Stay and Transfer (Doc. 27) is thus **DENIED, without prejudice**, and this matter remains **STAYED** pursuant to the Order at Doc. 9. Defendant may revisit the issue of transferring venue should the JPML deny the MDL petition.

The parties are **DIRECTED** to file their next status report regarding the current stay of proceedings within 5 days after the JPML's decision, or by **December 31, 2022**, whichever is earlier.

**SO ORDERED.**

Dated: November 22, 2022

---

DAVID W. DUGAN
United States District Judge